|1PER CURIAM.
On December 21, 1992, this Court suspended respondent from the practice of law for a period of three years, running from the *983 date of his interim suspension, November 15, 1990. Respondent’s suspension was the result of a federal perjury conviction for making a false declaration in his personal bankruptcy proceeding, in violation of 18 U.S.C. 152. On October 6, 1989, he was sentenced to 27 months imprisonment, supervised probation for 2 years, and a fine of $103,421.35, which was later reduced to $50,000.00 upon appeal and remand.
In October 1993, Respondent petitioned for reinstatement. Without a determination from the Hearing Committee as to the merits of the petition and whether Respondent had met the criteria for reinstatement, the Disciplinary Board recommended that the petition for reinstatement be denied. However, after reviewing the record in December 1994, we remanded to the Hearing Committee for a determination of the merits of the petition for reinstatement.
The Hearing Committee determined that Respondent had not proven by clear and convincing evidence that he had met the requirements of Rule XIX, Section 24(E). However, the Disciplinary Board filed with this Court its supplemental record and recommendation that Respondent be reinstated subject to certain conditions with a two year period of probation following reinstatement.
|2We adopt the Disciplinary Board’s recommendation. Accordingly, it is ordered that Orscini L. Beard be reinstated with a two year period of probation following reinstatement, subject to the following conditions:
1. That a practice monitor should be provided for Beard from a list of volunteers maintained by Disciplinary Counsel in accordance with the procedural rules for probation monitors, Rule XIX, Appendix C. Disciplinary Counsel and Beard should consult as to the identity of the practice monitor, but Disciplinary Counsel’s recommendation, approved by the Disciplinary Board should be appointed to serve for a two year period following reinstatement.
2. The practice monitor is to provide quarterly reports as to Beard’s progress and performance during the probationary period. The practice monitor may at his or her discretion, require that Beard engage the services of a CPA to ensure that all taxes which are owed by Beard are paid and that all client funds are dispersed and protected in an orderly manner during the period of probation.
3. Beard will complete all mandatory continuing legal education requirements for 1995 and take an additional 5 hours of continuing legal education (above and beyond the 15 hours required) for 1996 and 1997.
4. Beard will pay all costs of these proceedings on a payment plan to be entered into between Beard and the Board Administrator, all payment of costs to be completed prior to termination of the probation period.
5. Within 60 days from the date of reinstatement, Beard shall enter into a restitution plan with the bankruptcy trustee, Samera L. Abide, for repayment of $68,500 or such lesser amount as the bankruptcy trustee may deem to be appropriate. The restitution plan should be devised so that the payments are within Beard’s financial ability and upon such terms and conditions as may be prescribed by the trustee, said plan to be approved by Disciplinary Counsel.
6. Beard shall provide full and complete responses to any complaints which remain outstanding and still open with the Office of Disciplinary Counsel within 30 days from the date of reinstatement.
7. Beard shall remain current on all payment of bar dues, assessment fees and registration forms.
|¾8. In the event of noncompliance with any of the terms of the conditional reinstatement and probation, notification by the probation monitor shall be made to the Office of Disciplinary Counsel. The Disciplinary Board shall have the authority, following whatever procedures and by whatever method it deems appropriate to modify or extend the terms of conditional reinstatement and probation, modify the terms of restitution plan or may file a recommendation with the Court that the conditional reinstatement be revoked and that Beard be returned to suspended status.
*984 REINSTATEMENT ORDERED WITH PROBATION AND CONDITIONS.