DISCIPLINARY PROCEEDINGS
liPER CURIAM.
On October 30, 1996, respondent was reinstated to the practice of law after a three year suspension resulting from a federal perjury conviction in which respondent made a false declaration in his personal bankruptcy proceeding in violation of 18 U.S.C. 152. Respondent’s reinstatement, however, was conditional upon his fulfillment of the following conditions:
1. That a practice monitor should be provided for Beard from a list of volunteers maintained by Disciplinary Counsel in accordance with the procedural rules for probation monitors, Rule XIX, Appendix C. Disciplinary Counsel and Beard should consult as to the identity of the practice monitor, but Disciplinary Counsel’s recommendation, approved by the Disciplinary Board should be appointed to serve for a two year period following reinstatement.
2. The practice monitor is to provide quarterly reports as to Beard’s progress and performance during the probationary period. The practice monitor may at his or her discretion, require that Beard engage the services of a CPA to ensure that all taxes which are owed by Beard are paid and that all client funds are dispersed and protected in an orderly manner during the period of probation.
3. Beard will complete all mandatory continuing legal education requirements *399 for 1995 and take an additional 5 hours of continuing legal education (above and beyond the 15 hours required) for 1996 and 1997.
4. Beard will pay all costs of these proceedings on a payment plan to be entered into between Beard and the Board Administrator, all payment of costs to be completed prior to termination of the probation period.
_Jj5. Within 60 days from the date of reinstatement, Beard shall enter into a restitution plan with the bankruptcy trustee, Samera L. Abide, for repayment of $68,500 or such lesser amount as the bankruptcy trustee may deem to be appropriate. The restitution plan should be devised so that the payments are within Beard’s financial ability and upon such terms and conditions as may be prescribed by the trustee, said plan to be approved by Disciplinary Counsel.
6. Beard shall provide full and complete responses to any complaints which remain outstanding and still open with the Office of Disciplinary Counsel within 30 days from the date of reinstatement.
7. Beard shall remain current on all payment of bar dues, assessment fees and registration forms.
8. In the event of noneompliance with any of the terms of the conditional reinstatement and probation, notification by the probation monitor shall be made to the Office of Disciplinary Counsel. The Disciplinary Board shall have the authority, following whatever procedures and by whatever method it deems appropriate to modify or extend the terms of conditional reinstatement and probation, modify the terms of restitution plan or may file a recommendation with the Court that the conditional reinstatement be revoked and that Beard be returned to suspended status.
On January 29, 1996, the Office of Disciplinary Counsel filed a Motion and Rule to Show Cause why respondent’s conditional reinstatement should not be revoked as it was asserted that respondent had not complied with the conditions of his reinstatement. The Disciplinary Board denied the motion on April 19, 1996, essentially finding that respondent was guilty only of procrastination. The Board did, however, direct respondent to:
1. Within 30 days contact the Board Administrator and develop and begin a payment plan of all costs of these proceedings.
2. Provide copies of receipts of payments made to the Board and Bankruptcy trustee to the Probation Monitor on a monthly basis.
3. Keep all assessments and registration forms current and comply with all CLE obligations, and
4. Allow Ralph Brewer (respondent’s probation monitor) to monitor all conditions of the probation.
Four months after this order, the Office of Disciplinary Counsel again filed ha Motion to Revoke Conditional Reinstatement alleging that respondent failed to meet the conditions of his original reinstatement and failed to comply with the Disciplinary Board’s order of April 19, 1996. After a hearing on the matter (which respondent failed to attend), the Disciplinary Board recommended that respondent’s conditional reinstatement be revoked and that he be returned to suspended status.
The Disciplinary Board filed its Recommendation to Revoke Conditional Reinstatement with this Court on November 8, 1996. Notice of this filing was sent by the Board to respondent and his attorney, Ernest L. Johnson. In addition, Administrative Counsel spoke with respondent on November 11,1996 and requested a response by November 18, 1996. After advising Administrative Counsel that a response could not be prepared by November 18, 1996, respondent asked for and was granted until November 26, 1996 in which to respond. To date, neither respondent nor his attorney has filed any response to the Board’s recommendation.
We adopt the Board’s recommendation. Accordingly, it is ordered that Orscini L. Beard’s conditional reinstatement be revoked *400 and that he immediately be returned to suspended status.
CONDITIONAL ' REINSTATEMENT REVOKED; SUSPENSION ORDERED.
JOHNSON, J., dissents and assigns reasons.
LEMMON, J., not on panel.